UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80824-CIV-MARRA/JOHNSON

EXHIBIT ICONS, LLC et al.,

    Plaintiffs,

vs.

XP COMPANIES, LLC, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Plaintiffs Exhibit Icons, LLC and Russell Etling Company's ("Plaintiffs") Motion for Leave to Take Jurisdictional Discovery [DE 34]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

    On November 16, 2007, Plaintiffs filed an Amended Complaint [DE 16] and asserted personal jurisdiction over Defendants XP Companies, LLC, XP Entertainment, LLC and William Wall, III ("Defendants") because they allegedly breached a contract in Florida "by failing to make payments due and owing" and "engaged in substantial and not isolated activities in Florida." (Am. Compl. ¶ 9.)  Defendants filed a Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction or, in the alternative, Transfer of Venue [DE 19] and submitted several affidavits to demonstrate their lack of minimum contacts with Florida.  In response, Plaintiffs filed several affidavits identifying Defendants' contacts with Florida arising out of the business relationship between the parties.

    Plaintiffs also filed the instant motion, seeking jurisdictional discovery in order to

develop facts sufficient to support personal jurisdiction over Defendants in Florida.  With respect to specific jurisdiction, Plaintiffs seek evidence regarding Defendants' employee Jeremy Fey and Defendant William Wall, III's contacts with Florida and evidence from Florida non-parties who were contacted by Fey and Wall pursuant to the contract. (Reply at 5.)  Plaintiffs also want to explore the relationship of the Defendant companies (and their subsidiaries) with Florida State University and the Jacksonville Jaguars.  (Reply at 4-5; Am. Compl. ¶ 4.)  Defendants oppose this relief, claiming that the facts relating to specific personal jurisdiction have been fully explored and that Plaintiffs have conceded that they lack a basis for general jurisdiction.

The Court begins its analysis by noting that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." Eaton v. Dorchester Development, Inc., 692 F.2d 727, 729 (11th Cir. 1982) citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues." Oppenheimer Fund, 437 U.S. at 351 n.13.  Specifically, "[i]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation, . . . then discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue" Eaton, 692 F.2d at 730 n.7.  As aptly stated by the United States Court of Appeals for the D.C. Circuit, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir.1996).

Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored

before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction. See Eaton, 692 F.2d at 731; see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (a motion to dismiss for lack of personal jurisdiction may require limited discovery so that a meaningful ruling can be made); Majd-Pour v. Georgiana Community Hosp., Inc., 724 F.2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"); Blanco v. Carigulf Lines, 632 F.2d 656, 657 (5th Cir. 1980)[1] (dismissal was error where defendants had not responded to plaintiff's interrogatories); Skidmore v. Syntex Laboratories, Inc., 529 F.2d 1244, 1248-49 (5th Cir. 1976) (held "that the district court acted too drastically in entering its order of dismissal without giving plaintiff a further opportunity for discovery" though defendants had answered 184 interrogatories); Littlejohn v. Shell Oil Co., 483 F.2d 1140, 1146 (5th Cir.1973) (en banc) (denial of jurisdictional discovery reversed though the plaintiff had agreed in writing that discovery would not take place until after the district court had ruled on defendants' motion to dismiss); cf. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (no error when district court dismissed case before any discovery efforts were made and only allusion to jurisdictional discovery was on first page of memorandum in opposition to the motion to dismiss filed seven and one-half months after the complaint and more than five months after the filing of the motion to dismiss).

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Based on this clear precedent, the Court finds jurisdictional discovery appropriate in this case. With respect to specific jurisdiction, Plaintiffs seek to explore fully Defendants' communications into Florida and their contacts with third-parties located in Florida, especially regarding the leasing of commercial space in Florida. Jurisdictional discovery would certainly assist in that effort. Only through jurisdictional discovery can Plaintiffs learn about the various entities that comprise Defendants' businesses and those entities' contact with Florida State University and the Jacksonville Jaguars.

Defendants, however, complain that Plaintiffs previously conceded the lack of general jurisdiction in this case (Resp. at 5). Such a complaint can be easily dismissed. Simply put, Plaintiffs have made no such concession. Plaintiffs merely "conced[ed] that general jurisdiction cannot be exercised over defendants *based upon the current record*." (DE 32 at p.10 n.5) (emphasis added). As such, Plaintiffs' request for jurisdictional discovery is entirely consistent with that previous statement, as it will allow Plaintiffs to attempt to create a record upon which general jurisdiction may be found. Clearly, there is no way for Plaintiffs to have personal knowledge of the inner workings of Defendants' various business organizations. Thus, without jurisdictional discovery, Plaintiffs will be unable to produce any evidence for the Court to consider on this point. However, by deposing and serving interrogatories and document requests on Defendants, Plaintiffs may be able to produce relevant evidence for the Court to consider. Of course, this same analysis applies regarding potential evidence relating to specific jurisdiction. Finally, the Court finds that discovery limited to jurisdictional issues would not unduly prejudice Defendants.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion for Leave to Take Jurisdictional Discovery [DE 34] is **GRANTED**. Plaintiffs may engage in discovery that is narrowly tailored to the personal jurisdiction issues implicated by the motion to dismiss. This discovery should not stray into issues relating to the merits. Jurisdictional discovery shall be completed **no later than 90 days within the date of entry of this Order**.

2) The parties are directed to confer and cooperate in good faith in determining the logistics of discovery. To the extent the parties find it necessary to file motions to compel, those motions are hereby **REFERRED** to Magistrate Judge Linnea R. Johnson.

3) Defendants XP Companies, LLC, XP Entertainment, LLC and William Wall, III's Motion to Dismiss Amended Complaint for, in the alternative, Transfer of Venue [DE 19] is **terminated for statistical purposes** until the conclusion of jurisdictional discovery. Within 10 days of the completion of jurisdictional discovery, Plaintiffs may file an amended response to Defendants' Motion to Dismiss or a notice to the Court informing the Court that no amended response will be submitted. If an amended response is filed, Defendants may file an amended reply memorandum within the time periods set forth in the Federal and

Local Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of March, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record