UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80824-CIV-MARRA/JOHNSON

EXHIBIT ICONS, LLC et al,

Plaintiffs,

vs.

XP COMPANIES, LLC, et al,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiffs' Motion for Leave to File a Verified Second Amended Complaint (DE 84), filed September 30, 2008. The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff filed an Amended Complaint on November 16, 2007 (DE 16). The Amended Complaint was brought against three Defendants, which included two Colorado-based companies and an individual defendant. Defendants moved to dismiss for lack of personal jurisdiction and Plaintiffs moved for jurisdictional discovery. The Court granted Plaintiffs' motion for jurisdictional discovery (DE 40). Jurisdictional discovery has now concluded and the motion to dismiss for lack of personal jurisdiction remains under advisement. On September 30, 2008, Plaintiffs filed the instant motion. The Court notes that the instant motion was filed within the deadline for amendment of the pleadings as contemplated under the Court's scheduling order (DE 42).

Plaintiffs inform the Court that they wish to add claims for fraudulent and negligent

misrepresentation, promissory estoppel and they wish to add a new defendant.  Plaintiffs state that they were not aware of these facts at the time they filed their Amended Complaint and that the facts supporting the new claims came to light during jurisdictional discovery and an August 1, 2008 visit to office of the Secretary of State of Colorado.   Furthermore, Plaintiffs state that because these new claims involved fraud and misrepresentation, they are subject to a heightened pleading standard and Plaintiffs needed to ensure that there were sufficient particularized facts to support these claims prior to filing the instant motion.

Defendants vigorously oppose amendment, claiming that there has been undue delay on the part of Plaintiffs and that Defendants will be unduly prejudiced.  Defendants speculate that allowing amendment will result in additional motions to dismiss being filed and a request for a new scheduling order.

Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires."  In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

After careful review, the Court concludes that Plaintiffs have met the liberal pleading standard set forth in Foman.   In making this finding, the Court rejects Defendants' contention that the amendment has been unduly delayed.  The Court notes that the cases relied upon by

Defendants in support of this argument concern amendments to pleadings that have been sought after the date allowed in the Court's scheduling order.  At that stage in the proceedings, the Court applies a more rigorous standard that only permits modification of a scheduling order upon a showing of good cause.  See Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998).  Thus, Defendants' reliance on such cases is unpersuasive.

Nor does the Court find that Defendants are unduly prejudiced by this amendment.  No motions on the merits have been filed and Plaintiffs inform the Court that there has been no discovery on the merits because of the pending motion to dismiss.  (Mot. at 1.)  Although the Court recognizes that the addition of parties and claims may give rise to additional motion practice, that is not a ground to deny an amendment made within the deadline to amend the pleadings.  After all, motion practice is simply part of the litigation process.  The Court is, however, puzzled that the parties have not conducted any merits-based discovery.  The parties filed a joint planning and scheduling report informing the Court that all discovery would be completed by December 31, 2008.  Once the parties have conducted the conference required under Rule 26(f) of the Federal Rules of Civil Procedure, discovery is open for all purposes.  Cf. Rule 26(d) (discovery cannot be sought until the parties have conferred pursuant to Rule 26(f)).  While the order granting leave to conduct jurisdictional discovery stated that discovery should not stray into the merits, that statement pertained only to the motion to dismiss for lack of personal jurisdiction, and did not render null and void the Court's joint scheduling order, which was issued *after* the order granting jurisdictional discovery.  If the parties were unclear on this point, the proper procedure was to seek clarification from the Court.  In any event, the Court finds that Defendant have not demonstrated undue prejudice from the granting of the instant

3

motion.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to File a Verified Second Amended Complaint (DE 84) is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of October 2008.

_____
KENNETH A. MARRA
United States District Judge