UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-CIV-80824-MARRA/JOHNSON

EXHIBIT ICONS, LLC,

           Plaintiff,

v.

XP COMPANIES, LLC, et al.,

           Defendants.



FILED by _____ D.C.
APR - 7 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER THE MARCH 25, 2009 ORDER DENYING DEFENDANTS' MOTION TO ALLOW PRESERVATION DEPOSITIONS FOR USE AT TRIAL PURSUANT TO RULE 32(a)(4)

**THIS CAUSE** is before the court on Defendants' Motion to Reconsider the March 25, 2009 Order Denying Defendants' Motion to Allow Preservation Depositions for Use at Trial Pursuant to Rule 32(a)(4) (DE 144), filed and served on March 26, 2009. Defendants persist on convincing the court that it should establish a differentiation in this matter between discovery depositions and depositions to be used only at trial, insisting that depositions taken for the sole purpose of using them at trial are not subject to this District Court's standard Scheduling Order. That is a distinction that the undersigned does not find applicable in the circumstances of this case, or, for that matter, as utilized as a norm in the Southern District of Florida's orderly control of the pace of its litigation. Indeed, the case cited by both sides, <u>Chrysler Int'l Corp. v. Chemaly</u>, 280 F.3d 1359 (11th Cir. 2002), more than supports the undersigned's March 25, 2009, denial of Defendants' original Motion (DE 139), as well as the denial of the Motion at bar (DE 144).

In their renewed prayer for Relief, Defendants only cite to, and rely upon, one

controlling case in the Eleventh Circuit, the aforementioned <u>Chrysler Int'l Corp. v. Chemaly</u>.[1] (DE 144 at 5-7; DE 148 at 1-2.) In <u>Chrysler</u>, the Eleventh Circuit makes two issues very clear. First, district courts have broad discretion to manage their cases, recognizing that such discretion "is not wholly unfettered, but that it is necessary to move cases "to a reasonably timely and orderly conclusion." 280 F.3d at 1360 (citations omitted). Second, the <u>Chrysler</u> decision, contrary to what Defendants represent to the court, did not establish a bright line demarcation between a discovery deposition and one to be used only for trial purposes or exclude the taking of a deposition taken exclusively for trial purposes from the discovery deadline imposed by a scheduling order.

As Defendants aver, the <u>Chrysler</u> decision does analyze the <u>Charles v. Wade</u>, 665 F.2d 661 (5th Cir. Unit B 1982) decision. (DE 144 at 5, ¶ 11.) That, however, does not mean that the Eleventh Circuit followed <u>Charles</u> for the proposition at issue herein, as Defendants attempt to argue.[2] (Id.) As a matter of fact, the <u>Chrysler</u> court declined to

---

[1] One other case within the Eleventh Circuit, <u>McMahan Sec. Co. L.P. v. FB Foods, Inc.</u>, 2006 WL 3837529 (M.D. Florida 2006), appears in Plaintiffs's briefing, first in their Response to the denied Motion (DE 141 at 5), and again in their Response to the pending Motion (DE 146 at 9). <u>McMahan</u> is an unreported decision relying on <u>Chrysler</u> to disallow the taking of a videotaped "preservation deposition" one month before trial and for use therein. 2006 WL 3837529, at *1. The court reminds the parties that "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. Here, nonetheless, the <u>Chrysler</u> decision sufficiently provides a sound basis for the undersigned's ruling.

[2] Defendants also cite, among many non controlling decisions, <u>Estenfelder v. Gates Corp.</u>, 199 F.R.D. 351 (D.Colo. 2001), indicating that "Plaintiffs now seek to avoid the decision in <u>Estenfelder</u> . . . that was first cited by Plaintiffs in their opposition." (DE 148 at 2, ¶ 3.) It is true that Plaintiffs cited <u>Estenfelder</u> in their Response opposing Defendants' original Motion (DE 140 at 6), as well as in their opposition to the pending Motion (DE 146 at 9-10). Nonetheless, Defendants also relied on <u>Estenfelder</u> in their Motion at bar (DE 144 5-7; DE 148 at 2). The indication, however, that Plaintiffs "now seek to avoid the decision in <u>Estenfelder</u>" is a misrepresentation of binding precedent because <u>Estenfelder</u> is a District of Colorado case that does not control decisions in the Eleventh Circuit. Indeed, the briefing from both sides is overloaded with non controlling law, with the parties attempting to treat the <u>Chrysler</u> on par with case law from foreign jurisdictions. The undersigned, however, finds that <u>Chrysler</u> alone is more than sufficient to

extend the Charles rationale, distinguishing it clearly. Chrysler very unequivocally enunciates that "[i]n allowing or disallowing a deposition to be taken for use at trial, it is appropriate that the district court consider all the circumstances, including fairness to the adverse party and the amount of time remaining before the date set for trial," adding that "the district court can make that time limit the same as the time limit for discovery depositions." 280 F.3d at 1362. Further, the Chrysler court noted that "[t]he district court's identical treatment (for timing purposes) of discovery and *de bene esse* depositions is consistent with the language of the Federal Rules of Civil Procedure, which draw no distinction between the two." (Id., n.8). This is precisely Plaintiffs' argument, which the court finds carries full weight in favor of denying Defendants' Motion.

In addition, the undersigned's March 25, 2009, Order, notes that the Honorable Kenneth A. Marra, United States District Judge, issued a Scheduling Order on March 14, 2008, setting a December 31, 2008, discovery cutoff in this matter, therefore, allowing the parties slightly more than nine months to complete discovery. (DE 142 at 1.) Moreover, and in accordance with the Chrysler rationale, the undersigned is unaware of any standard procedure in the Southern District of Florida, or of any pattern related thereto followed by Judge Marra, to establish an automatic, unidentified distinction between the two types of depositions at issue. Indeed, Judge Marra himself commented in an October 28, 2008, Order that "[t]he Court . . . is puzzled that the parties have not conducted any merits-based discovery." (DE 98 at 3.) Judge Marra went on to indicate in that Order that the parties had filed "a joint planning and scheduling report informing the Court that all discovery

---

dispose of the issue before the court, and, again, is the only true controlling precedent before it.

would be completed by December 31, 2008", adding that "[o]nce the parties have conducted the conference required under Rule 26(f) of the Federal Rules of Civil Procedure, discovery is open for all purposes." (Id.) And most important, Judge Marra clearly indicated that the discovery on personal jurisdiction pertaining to the motion to dismiss filed by Defendants "did not render null and void the Court's joint scheduling order, which was issued *after* the order granting jurisdictional discovery." (Id.) If there is any doubt as to how Judge Marra viewed the discovery cutoff date, his subsequent statement leaves no room for incertitude: "[i]f the parties were unclear on this point, the proper procedure was to seek clarification from the Court." (Id.) There is no question in the undersigned's mind that, had Judge Marra viewed discovery depositions as having a separate cutoff for taking purposes from those to be used at trial, he would not have reminded the parties of their discovery deadline or commented on their option to seek clarification on discovery issues.

Furthermore, as noted in Charles, "[t]here is, of course, an important difference between the holding in a case and the reasoning that supports that holding." 280 F.3d at 1361 n. 4 (quoting Crawford-El v. Britton, 523 U.S. 574, 585 (1998)). Thus, the court finds it appropriate to point out that in Charles, a Georgia case, the deposition for use at trial which the appellant sought to take six weeks before the scheduled trial date and after the closing of the discovery deadline, involved a witness incarcerated in a maximum security prison in another state (Florida). 665 F.2d at 663, 664. As a matter of fact, the Chrysler court noted the "materially different" facts of the case before it from those is Charles, adding that it was "being asked to extend *Charles* to different circumstances." 280 F.3d at 1360-61. In the Charles, particular scenario, the Fifth Circuit found that simply denying

permission to depose the witness because the discovery period had closed was an abuse of discretion under the particular circumstances of the case, with the <u>Chrysler</u> court commenting that the <u>Charles</u> potential witness "was an incarcerated prisoner in an immediately adjoining state," while the <u>Chrysler</u> deponent was "a free businessman located on a different continent [South Africa]." 280 F.3d at 1361. Here, Judge Marra even expressed his surprise at the parties not conducting merits-based discovery as late as the end of October 2008. That is similar to the <u>Chrysler</u> situation wherein the Eleventh Circuit pointed out that the protective order preventing the deposition in South Africa should have come as no surprise. 280 F.3d at 1361.

Further, as in <u>Chrysler</u>, the proposed witnesses in this matter were available in Colorado for the taking of their depositions throughout the discovery period, and, as Plaintiffs correctly point out, their depositions could have easily been scheduled during the summer of 2008 when other testimony was taken, regardless of whether or not the discovery being conducted was for pretrial discovery or for jurisdictional purposes pertaining to a motion to dismiss. (DE 146 at 4.) As a matter of fact, Plaintiffs' position is bolstered by Judge Marra's own expressed puzzlement over not conducting merits-based discovery while engaging in jurisdictional discovery. In other words, Judge Marra did not limit one form of discovery over the other one, he simply indicated that jurisdictional discovery was not to stray into the merits, nothing else. (DE 98 at 3.)

Additionally, in the March 25th Order, the undersigned also pointed out that Defendants did not move to extend the discovery deadline at any time before December 31, 2008. (DE 142 at 1.) That was a prayer for relief that could have been brought before Judge Marra if, for no other reason, to clarify whether or not a distinction existed between

5

the timing of taking a deposition to use only at trial, but Defendants failed to present it in a prompt manner, and now the discovery deadline is long gone. On that point, the undersigned finds that the <u>Chrysler</u> court could not have expressed more succinctly the analysis that applies to the case at bar: "parties who delay in taking a needed deposition and who assume that a district court will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date." That is exactly the basis for denying Defendants' Motion original and for the denial, too, of their prayer for reconsideration. As a result, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion (DE 144) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 7th day of April, 2009.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

Copies to:   Honorable Kenneth A. Marra, United States District Judge
All Counsel of Record