UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80824-CIV-MARRA

EXHIBIT ICONS, LLC., *et al*.,
          Plaintiff,

vs.

XP COMPANIES, LLC, *et al*.,
          Defendants.
_____/

**COURT'S INSTRUCTIONS  TO THE JURY**

Members of the Jury:


      I will now explain to you the rules of law that you must follow and apply in deciding this

case. When I have finished you will go to the jury room and begin your discussions--what we

call your deliberations.

1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence--that is, the testimony of the witnesses and the exhibits I have admitted in the record--but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

The first claim for your consideration is Exhibit Icons, LLC's claim for breach contract against XP Companies, LLC, XP Entertainment, LLC and William Wall.

A contract is an agreement establishing the rights and duties of the parties to the contract. Each party to the contract must have understood and agreed to the essential terms of the contract. You may conclude that there was an understanding and agreement from the contracting parties' conduct, statements and writings.  The essential terms of the contract must be definite and complete so as to allow the contracting parties to know and understand their rights and duties.

An express contract may be modified by the conduct of the parties where there is mutual consent of the parties to make the modification, and there is consideration for the modification. This is true even if the express contract contains a provisions allowing only written amendments or modification to the contract.  Mutual consent to the modification of a contract may be established by the conduct of the parties, or the parties course of dealing, that conforms with the intended modification.  Modification of a contract may be made orally.  When discussing the legal principles relating to contracts, "consideration" is defined as a benefit received or something given up as agreed on between the parties.

In order to prove a claim for breach of contract, Exhibit Icons, LLC must prove, by a preponderance of the evidence, that a contract existed between the parties, that the entity or person sued has materially breached the contract, and that Exhibit Icons, LLC has suffered damages as a result of the breach.

A material breach of contract is a failure to perform an essential term or condition of the contract.  The failure to perform some minor part of a contractual duty cannot be classified as a material breach.

6

With respect to the breach of contract claim against Defendant William Wall, I instruct you that ordinarily an officer or director of a business entity cannot be held personally liable or responsible on a contract he signed in his business capacity.  However, a person who acts on behalf of a non-existent business entity with knowledge that the business entity does not exist or without making a good faith effort to achieve legal business entity status by complying with the legal requirements for incorporation, can be held personally liable on the contract he signs. Under Colorado law, a limited liability company is formed by the filing of articles of organization with the Colorado Secretary of State.

In order to hold William Wall personally liable on the contract he signed, Exhibit Icons, LLC has to prove, by a preponderance of the evidence, that Defendant Wall knew the business entity on whose behalf he signed did not exist or that Defendant Wall did not make a good faith effort to achieve legal business entity status by complying with the legal requirements of incorporation.  If you find by a preponderance of the evidence that any of these Defendants (XP Companies, LLC, XP Entertainment, LLC and William Wall), failed to perform an essential term or condition of a contract with Exhibit Icons, LLC then you should consider the defenses raised by the Defendant or Defendants you find materially failed to perform.  If, however, you find that Exhibit Icons, LLC has not proved a breach of contract by any of these Defendants, then your verdict should be for the Defendants on this claim.

If you find for the Defendants, you will not consider the matter of damages on this claim. However, if you find for Exhibit Icons, LLC on this claim, you should award Exhibit Icons, LLC an amount of money that the preponderance of evidence shows will fairly and adequately compensate it for damages caused by the Defendant or Defendant's failure to perform.  Exhibit

Icons, LLC is entitled to recover damages that will put it in the same position it would have been

if the Defendant or Defendants had performed their duties under the contract.

By way of defense, Defendants assert that they are not liable for breach of contract because their performance under the contract was excused as a result of Exhibit Icons, LLC prior material breach of the contract.  If Defendants prove by a preponderance of the evidence that Exhibit Icons, LLC materially breached the contract, then Defendants performance under the contract is discharged or excused.

Defendants also assert as a defense that it was impossible to perform the contract. Impossibility of performance means that performance of any obligations pursuant to the contract by the contracting Defendant was extremely impractical or impossible.  If you find by a preponderance of the evidence that performance by any of the contracting Defendants was impossible or extremely impractical, the contracting Defendant is released from any obligation pursuant to the contract.

Defendants also assert as a defense that performance under the contract was commercially frustrated.  If you find by a preponderance of the evidence, that performance of the contract was possible, but  one or more of these Defendants have proven a frustration which was not foreseeable to the Defendants that nearly totally destroyed the purpose of the contract, then the Defendants have proved that their performance was commercially frustrated.

Defendants have also asserted as a defense, that Exhibit Icons, LLC perpetrated a fraud upon them and fraudulently induced them to enter into the contract.  In order to provide this defense, Defendants must prove by a preponderance of the evidence that:

1.     That there was a misrepresentation of a material fact or a material omission of a

material fact by Exhibit Icons, LLC;

2.      That the person representing the fact on behalf of Exhibit Icons, LLC knew or

        should have known of the false nature of the statement;

3.      That the person representing the alleged fact intended that its representation

        would induce the other party to rely upon it; and

4.      That the party alleging injury as a result of the false representation justifiably

        relied on the representation.

Defendants also asserts as a defense the doctrine of estoppel.  In order for Defendants to establish estoppel as a defense, they must prove by a preponderance of the evidence that Exhibit Icons, LLC:

(1)     engaged in conduct amounting to a false representation or concealment of material facts(s), or conduct at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those facts which the party subsequently attempts to assert;

(2)      the intention or at least the expectation that the conduct will be acted upon by or influence the other party; and

(3)     knowledge, actual or constructive of the real facts that were misrepresented or concealed.

If the above is established, Defendants must also establish;

(1)     a lack of knowledge and/or the means of knowledge of the truth of the facts in question;

(2)     reliance in good faith upon the conduct or statements of Exhibit Icons, LLC; and

(3)     Defendants action or inaction based upon the representations or concealment so as to change their position to their injury, detriment or prejudice.

Defendants have also asserted waiver as a defense.  In order for Defendants to prove this defense, they must establish, by a preponderance of the evidence, that Exhibit Icons, LLC knowingly and intentionally relinquished or abandoned their known rights under the contract. Waiver can be express or implied.  When a party waives a right under a contract, he cannot reclaim that right without the consent of the other party to the contract.

Defendants have also asserted the defense of mutual mistake.  In order for Defendants to prove this defense, they must establish, by a preponderance of the evidence, that there was a mistake of both parties, at the time of contracting, as to a basic assumption on which both parties made the contract, and that mistake had a material effect on the performance of the parties to the contract.  Defendants must also show that they did not bear the risk of the mistake.

Defendants have also asserted the defense of unilateral mistake.  In order for Defendants to prove this defense, they must prove, by a preponderance of the evidence, that:

(1) at the time of contracting there were mistakes as to a basic assumption on which they made the contract;

(2) that the mistake has a material effect on the agreed exchanges of performances between the parties to the contract;

(3) that the material effect is adverse to them; and

(4) that they did not bear the risk of the mistake.

12

If you find for any one or more of the Defendants' defenses on which I have just instructed you, then your verdict should be for that Defendant or Defendants on Exhibit Icons, LLC  breach of contract claim. If, however, you do not find for Defendants on any one or more of these defenses, then your verdict should be for Exhibit Icons, LLC against the Defendant or Defendants you found have breached the contract and you should award Exhibit Icons, LLC damages, consistent with my earlier instructions, that you find resulted from the breach.

On the matter of damages, Defendants have raised an additional defense which seeks to limit or reduce the amount of damages you find resulted from the breach.  That defense is failure to mitigate damages.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages– that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that Exhibit Icons, LLC failed to seek out or take advantage of a business opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Exhibit Icons, LLC damages by the amount that could have been reasonably realized if Exhibit Icons, LLC had taken advantage of such opportunity.

13

The second claim for your consideration is that of Russell Etling Company for breach of contract as an intended third party beneficiary of the contract. This claim is also against Defendants XP Companies, LLC, XP Entertainment, LLC and William Wall.

Under certain circumstances, the law permits a person or entity who is not a party to a contract to sue for breach of the contract if it can be shown that the person bringing the claim was an intended beneficiary of the contract. In order for Russell Etling Company to prove this claim, it must prove, by a preponderance of the evidence, each of the following facts:

(1) existence of a contract;

(2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit Russell Etling Company;

(3) breach of the contract by a contracting party; and

(4) damages to Russell Etling Company resulting from the breach.

14

With respect to the elements of the existence of a contract, the parties to the contract, a material breach of the contact and the means by which you are to arrive at an award of damages, if any, I refer you to the instructions I previously gave you regarding the breach of contract claim brought by Exhibit Icons, LLC.

If you should find by a preponderance of the evidence that Russell Etling Company was an intended third party beneficiary of a contract between Exhibit Icons, LLC and any of these Defendants, and that any of these Defendants failed to perform an essential term or condition of the contract, then you should consider the defenses raised by the Defendant or Defendants you find materially failed to perform. The defenses raised to this claim by Defendants are the same as the defenses raised to the breach of contract claim asserted by Exhibits Icons, LLC and I refer you to the instructions I previously gave you regarding those defenses.

In addition to the defenses previously raised, Defendants raise the additional defense of unclean hands. In order for Defendants to prevail on their defense of unclean hands, they must prove, by a preponderance of the evidence, that Exhibit Icons, LLC or Russell Etling Company misrepresented or concealed material information from Defendants and Defendants relied upon the misrepresentation or concealment to their detriment.

If you find for Defendants, you will not consider the matter of damages on this claim. However, if you find for Russell Etling Company on this claim, you should award Russell Etling Company an amount of money that the preponderance of the evidence shows will fairly and adequately compensate it for damages caused by the Defendant or Defendants failure to perform. Russell Etling Company is entitled to recover damages that will put it in the same position it would have been if the Defendant or Defendants had performed their duties under the contract.

The next claim for your consideration is Exhibit Icons, LLC and Russell Etling Company's claim for fraud in the inducement against XP Apparel, LLC and William Wall.

The term "fraud" generally is defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity; made for the purpose of inducing the other person to act; and upon which the other person does in fact rely with the resulting injury or damage. Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements by the Defendants not misleading to the Plaintiffs.

To prevail on this claim of fraud, therefore, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:        That the Defendants made one or more of the alleged misrepresentations or omissions;

Second:      That the misrepresentation or omission related to a material existing fact;

Third:      That the Defendants knew at the time they made the misrepresentation that it was false or acted with reckless disregard for its truth or falsity or that the omission made other statements materially misleading;

Fourth:     That the Defendants intended to induce the Plaintiffs to rely and act upon the misrepresentation or omission; and

Fifth:       That the Plaintiff justifiably relied upon the misrepresentation or omission and suffered injury or damage as a result. To make a "misrepresentation" simply means to state as a fact something that is false or untrue. To make a material "omission" is to omit or withhold the statement of a fact, knowledge of which is necessary to make other statements not misleading.

To constitute fraud, then, a misrepresentation must not only be false or an omission must make other statements misleading, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.

It must also relate to an "existing fact." Ordinarily, a promise to do something in the future does not relate to an existing fact and cannot be the basis of a claim for fraud unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it. Similarly, a mere expression of opinion does not relate to an existing fact and cannot be the basis for a claim of fraud unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.

To constitute fraud the Plaintiffs must also prove that the Defendants made the misrepresentation or omission knowingly and intentionally, not as a result of mistake or accident. It must be proved that the Defendants either knew of the falsity of the misrepresentation or the false effect of the omission, or that the Defendants made the misrepresentation or omission in reckless disregard for its truth or falsity.

Finally, to constitute fraud the Plaintiffs must prove that the Defendants intended for the Plaintiffs to rely upon the misrepresentation and/or omission; that the Plaintiffs did in fact rely upon the misrepresentation and/or omission; and that the Plaintiffs suffered injury or damage as a proximate result of the fraud.

When it is shown that the Defendants made a material misrepresentation and/or omission with the intention that the Plaintiffs rely upon it, then, under the law, the Plaintiffs may rely upon the truth of the representation even though its falsity could have been discovered had the Plaintiffs made an investigation, unless the Plaintiffs know the representation to be false or its falsity is obvious to him.

Damages are the proximate or legal result of the fraud if you find from a preponderance of the evidence that, except for the fraudulent act, the damages would not have occurred. The fraudulent act may be a proximate or legal cause of damages even though the act operates in combination with the act of another so long as the fraud contributes substantially to producing the damages.

Now, if you find that the Plaintiff has failed to prove the claim of fraud under these instructions, then, of course, your verdict will be for the Defendants. On the other hand, if you find for the Plaintiffs, you must then consider the Defendants' defenses to this claim. One of the defenses is waiver as to which the Defendants have the burden of proof by a preponderance of the evidence.

It is a general rule of law that any claim for fraud is waived if one is induced by misrepresentations or fraud to enter into a contract and, with knowledge of the fraud, does an act to ratify or affirm the contract that shows an intention to abide by the contract as made, with the fraud in it. In so affirming or ratifying the contract, the party has waived his right to recover damages as a result of the original misrepresentations. The question of whether a party has waived a claim for fraud is one of the intent of the defrauded party. Such intent, however, may be inferred from the party's conduct and the surrounding circumstances.

Similarly, once a defrauded person has discovered or reasonably should have discovered the nature of the deception, that person waives and thereby gives up any right to recover damages upon receiving from the defrauding party some substantial concession or upon entering into a new and more favorable contract in respect to the transaction.

Defendants have also raised the defenses of fraud in the inducement by Plaintiffs and estoppel, the elements of which I have previously instructed you.  I once again refer you to those prior instructions when considering Defendant's defenses to Plaintiff's fraud in the inducement claim.

 If you find for the Plaintiffs on the claim of fraud, and against the Defendants on the defenses to that claim, you will then consider the amount of money damages to be awarded to the Plaintiffs. In that respect you should award the Plaintiffs an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the fraud.

In considering the issue of the Plaintiffs' damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

The economic losses proven by Plaintiffs as resulting from the alleged fraud.

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage, in a manner consistent with what an ordinarily prudent person would do in similar circumstances.

So, if you should find from a preponderance of the evidence that the Plaintiffs failed to seek out or take advantage of a business opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiffs' damages by the amount that he could have reasonably realized if the Plaintiffs had taken advantage of such opportunity.

The next claim for your consideration is Exhibit Icons, LLC and Rusell Etling Company's claim for negligent misrepresentation against Defendant XP Apparel, LLC and William Wall.

The term "negligent misrepresentation" generally is defined in the law as a statement of material existing fact made by one person, who should have known of the statement's falsity, to another; made for the purpose of inducing the other person to act; and upon which the other person does in fact rely with resulting injury or damage.  Negligent misrepresentation may also include an omission or failure to state material facts, knowledge of which would be necessary to make other statements by the Defendants not misleading to the Plaintiffs.

To prevail on this claim of negligent misrepresentation, therefore, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First: That the Defendants made one or more alleged misrepresentations or omissions concerning their business, profession or employment, or in any other transaction in which they had a pecuniary interest.

Second: That the misrepresentation or omission related to a material existing fact;

Third: That the Defendants were negligent in making the statements because they should have known at the time they made the misrepresentations that they were false or materially misleading;

Fourth: That the Defendants intended to induce the Plaintiffs to rely and act upon the  misrepresentation or omission; and

Fifth: That the Plaintiff s justifiably relied on Defendants' statements to their detriment.

To make a "misrepresentation" simply means to state as a fact something that is false or untrue. To make a material "omission" is to omit or withhold the statement of a fact, knowledge

of which is necessary to make other statements not misleading.

To constitute negligent misrepresentation, then, a misrepresentation must not only be false or an omission must make other statements misleading, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.

It must also relate to an "existing fact." Ordinarily, a promise to do something in the future does not relate to an existing fact and cannot be the basis of a claim for negligent misrepresentation unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it. Similarly, a mere expression of opinion does not relate to an existing fact and cannot be the basis for a claim of negligent misrepresentation unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.

To constitute negligent misrepresentation, the Plaintiffs must also prove that the Defendants' conduct was negligent.

In order to prevail on this claim, the Plaintiffs must prove both of the following facts by a preponderance of the evidence:

First:         That the Defendants were "negligent;" and

Second:     That such negligence was a "legal cause" of damage sustained by the Plaintiffs.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

Finally, to constitute negligent misrepresentation, the Plaintiffs must prove that the Defendants intended for the Plaintiffs to rely upon the misrepresentation and/or omission; that the Plaintiffs did in fact rely upon the misrepresentation and/or omission; and that the Plaintiffs suffered injury or damage as a proximate result of the negligent misrepresentation.

When it is shown that the Defendants made a material misrepresentation and/or omission with the intention that the Plaintiffs rely upon it, then, under the law, the Plaintiffs may rely upon the truth of the representation even though its falsity could have been discovered had the Plaintiffs made an investigation, unless the Plaintiffs know the representation to be false or its falsity is obvious to them.

Now, if you find that the Plaintiffs have failed to prove the claim of negligent misrepresentation under these instructions, then, of course, your verdict will be for the Defendants.  If, however, a preponderance of the evidence does support the Plaintiffs' claim, you will then consider the defenses raised by the Defendants.

The Defendants contend that the Plaintiffs also were negligent and that such negligence was a legal cause of the Plaintiffs' own injury. This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the Defendants who must establish:

| | |
|---|---|
| First: | That the Plaintiffs also were "negligent;" and |
| Second: | That such negligence was a "legal cause" of the Plaintiffs' own damage. |

Finding in favor of the Defendants on this defense will not prevent recovery by the Plaintiffs it will only reduce the amount of the Plaintiffs' recovery. In other words, if you find that Plaintiffs' injury was due partly to the fault of the Plaintiffs - - that the Plaintiffs' own negligence was, for example, 50% responsible for the Plaintiff's own damage - - then you would fill in that percentage as your finding on the special verdict form that I will explain in a few moments. Such a finding would not prevent the Plaintiffs from recovering; the Court will merely reduce the Plaintiffs' total damages by the percentage that you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that the Plaintiffs were negligent, you might find 1% or 99%.

Defendants have also raised the defenses of fraud in the inducement by Plaintiffs, estoppel and waiver, the elements of which I have previously instructed you. I once again refer you to those prior instructions when considering Defendants defenses to Plaintiffs negligent misrepresentation claim.

If you find for the Plaintiffs on the claim of negligence misrepresentation, and against the Defendants on the defense to that claim, you will then consider the amount of money damages to be awarded to the Plaintiffs. In that respect you should award the Plaintiffs an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the negligent misrepresentation.

In considering the issue of the Plaintiffs' damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

The economic losses proved by Plaintiffs as resulting from the alleged negligent misrepresentation.

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage, in a manner consistent with what an ordinarily prudent person would do in similar circumstances.

So, if you should find from a preponderance of the evidence that the Plaintiffs  failed to seek out or take advantage of a business opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiffs' damages by the amount that he could have reasonably realized if the Plaintiffs had taken advantage of such opportunity.

The last claim brought by Plaintiff Exhibit Icons, LLC and Russell Etling Company is for promissory estoppel against Defendant XP Apparel, LLC.  Promissory estoppel is a legal remedy available to a party.  In order for the Plaintiffs to prevail on their claim for promissory estoppel, they must prove the following facts by a preponderance of the evidence:

(1)     that XP Apparel, LLC made a promise to Plaintiffs;

(2)     that XP Apparel, LLC should have reasonably expected the promise to cause Plaintiffs to either act or fail to act;

(3)     that Plaintiffs did, in fact, act or fail to act in reliance upon XP Apparel, LLC's promise and substantially changed their position;

(4)     injustice can be avoided only by enforcement of the promise; and

(5)     Plaintiffs suffered damage as a result of relying upon XP Apparel, LLC's promise.

If you find by a preponderance of the evidence that Plaintiffs have proved the elements of promissory estoppel, then you should consider the defenses raised by XP Apparel, LLC. Those defenses are waiver, estoppel, fraud in the inducement, negligent misrepresentation and unclean hands. I refer you to the instructions I previously gave you regarding those defenses.

If you find that XP Apparel, LLC has proved any of its defenses, your verdict should be for XP Apparel, LLC on the promissory estoppel claim. If, however, you find that Plaintiff have proven promissory estoppel and Defendants have not proved their defenses, then your verdict should be for Plaintiffs on this claim and you should award Plaintiffs an amount of damages that will fairly and reasonably compensate them for the losses they sustained.

On the matter of damages, Defendants have raised an additional defense which seek to limit or reduce the amount of damages you find resulted from the breach.  That defense is failure to mitigate damages.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages– that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that Exhibit Icons, LLC failed to seek out or take advantage of a business opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Exhibit Icons, LLC damages by the amount that could have been reasonably realized if Exhibit Icons, LLC had taken advantage of such opportunity.

In addition to the claims asserted by Plaintiffs, XP Companies, LLC has brought claims against Exhibit Icons, LLC.

The first claim brought by XP Companies, LLC against Exhibit Icons, LLC is for breach of contract.     A contract is an agreement establishing the rights and duties of the parties to the contract.  Each party to the contract must have understood and agreed to the essential terms of the contract.  You may conclude that there was an understanding and agreement from the contracting parties' conduct, statement and writings.  The essential terms of the contract must be definite and complete so as to allow the contracting parties to know and understand their rights and duties.

An express contract may be modified by the conduct of the parties where there is mutual consent of the parties to make the modification, and there is consideration for the modification. This is true even if the express contract contains a provisions allowing only written amendments or modification to the contract.  Mutual consent to the modification of a contract may be established by the conduct of the parties, or the parties course of dealing, that conforms with the intended modification.  Modifications of a contract may be made orally. When discussing the legal principles relating to contracts, "consideration" is defined as a benefit received or something given up as agreed on between the parties.

In order to prove a claim for breach of contract, XP Companies, LLC must prove, by a preponderance of the evidence, that a contract existed between the parties, that the entity or person sued has materially breached the contract, and that XP Companies, LLC has suffered damages as a result of the breach.

A material breach of contract is a failure to perform an essential term or condition of the contract. The failure to perform some minor part of a contractual duty cannot be classified as a material breach.

If you find by a preponderance of the evidence that Exhibit Icons, LLC failed to perform an essential term or condition of a contract with XP Companies, LLC, then you should consider the defenses raised by Exhibit Icons, LLC. If, however, you find that XP Companies, LLC has not proved a breach of contract by Exhibit Icons, LLC then your verdict should be for Exhibit Icons, LLC on this claim.

If you find for the Exhibit Icons, LLC you will not consider the matter of damages on this claim. However, if you find for XP Companies, LLC on this claim, you should award XP Companies, LLC an amount of money that the preponderance of evidence shows will fairly and adequately compensate it for damages caused by Exhibit Icons, LLC's failure to perform. XP Companies, LLC is entitled to recover damages that will put it in the same position it would have been if Exhibit Icons, LLC had performed its duties under the contract.

By way of defense, Exhibit Icons, LLC asserts that it is not liable for breach of contract because its performance under the contract was excused as a result of XP Companies , LLC's prior material breach of the contract. If Exhibit Icons, LLC proves by a preponderance of the evidence that XP Companies, LLC materially breached the contract, then Exhibit Icons, LLC's performance under the contract is discharged or excused.

Exhibit Icons, LLC has also asserted as a defense, that XP Companies, LLC perpetrated a fraud upon it and fraudulently induced it to enter into the contract. In order to provide this defense, Exhibit Icons, LLC must prove by a preponderance of the evidence that:

1.    That there was a misrepresentation of a material fact or a material omission of a material fact by XP Exhibits, LLC;

2.    That the person representing the fact on behalf of XP Companies, LLC , knew or should have known of the false nature of the statement;

3.    That the person representing the alleged fact intended that its representation would induce the other party to rely upon it; and

4.    That the party alleging injury as a result of the false representation justifiably relied on the representation.

Exhibit Icons, LLC also asserts as a defense the doctrine of estoppel.  In order for Exhibit Icons, LLC to establish estoppel as a defense, they must prove by a preponderance of the evidence that XP Companies, LLC:

(1)      engaged in conduct amounting to a false representation or concealment of material facts(s), or conduct at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those facts which the party subsequently attempts to assert;

(2)      the intention or at least the expectation that the conduct will be acted upon by or influence the other party; and

(3)      knowledge, actual or constructive of the real facts that were misrepresented or concealed.

If the above is established, Exhibit Icons, LLC  must also establish;

(1)      a lack of knowledge and/or the means of knowledge of the truth of the facts in question;

(2)      reliance in good faith upon the conduct or statements of  XP Companies, LLC; and

(3)      Exhibit Icons, LLC action or inaction based upon the representations or concealment so as to change their position to their injury, detriment or prejudice.

Plaintiff has also raised the defense of ratification.  In order to prove this defense, Exhibit Icons, LLC must prove, by a preponderance of the evidence, that XP Companies, LLC approved of the actions of Exhibit Icons, LLC by either their words or conduct in connection with the contract.

Defendants have also asserted waiver as a defense.  In order for Defendants to prove this defense, they must establish, by a preponderance of the evidence, that Exhibit Icons, LLC knowingly and intentionally relinquished or abandoned their known rights under the contract. Waiver can be expressed or implied.  When a party waives a right under a contract, he cannot reclaim that right without the consent of the other party to contract.

If you find for Exhibit Icons, LLC on any one or more of the defenses on which I have instructed you, then your verdict should be for Exhibit Icons, LLC on XP Apparel, LLC's breach of contract claim.  If, however, you do not find for Exhibit Icons, LLC on any one or more of these defenses, then your verdict should be for XP Apparel, LLC on its breach of contract claim and you should award XP Apparel, LLC damages, consistent with my earlier instruction, you find resulted from the breach.

The second claim brought by XP Companies, LLC against Exhibit Icons, LLC is for fraud in the inducement.

The term "fraud" generally is defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity; made for the purpose of inducing the other person to act; and upon which the other person does in fact rely with the resulting injury or damage. Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements by the Defendants not misleading to the Plaintiffs.

To prevail on this claim of fraud, therefore, the XP Companies, LLC must prove each of the following facts by a preponderance of the evidence:

| | |
|---|---|
| First: | That Exhibit Icons, LLC made one or more of those alleged misrepresentations or omissions; |
| Second: | That the misrepresentation or omission related to a material existing fact; |
| Third: | That Exhibit Icons, LLC knew at the time they made the misrepresentation that it was false or acted with reckless disregard for its truth or falsity or that the omission made other statements materially misleading; |
| Fourth: | That Exhibit Icons, LLC intended to induce the XP Companies, LLC to rely and act upon the misrepresentation or omission; and |
| Fifth: | That XP Companies, LLC justifiably relied upon the misrepresentation or omission and suffered injury or damage as a result. To make a "misrepresentation" simply means to state as a fact something that is false or untrue. To make a material "omission" is to omit or withhold the statement of a fact, knowledge of which is necessary to make other statements not misleading. |

To constitute fraud, then, a misrepresentation must not only be false or an omission must make other statements misleading, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.

It must also relate to an "existing fact." Ordinarily, a promise to do something in the future does not relate to an existing fact and cannot be the basis of a claim for fraud unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it. Similarly, a mere expression of opinion does not relate to an existing fact and cannot be the basis for a claim of fraud unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.

To constitute fraud the Defendants must also prove that the Plaintiffs made the misrepresentation or omission knowingly and intentionally, not as a result of mistake or accident. It must be proved that the Plaintiffs either knew of the falsity of the misrepresentation or the false effect of the omission, or that the Plaintiffs made the misrepresentation or omission in reckless disregard for its truth or falsity.

Finally, to constitute fraud the Defendants must prove that the Plaintiffs intended for the Defendants to rely upon the misrepresentation and/or omission; that the Defendants did in fact rely upon the misrepresentation and/or omission; and that the Defendants suffered injury or damage as a proximate result of the fraud.

When it is shown that the Plaintiffs made a material misrepresentation and/or omission with the intention that the Defendants rely upon it, then, under the law, the Defendants may rely upon the truth of the representation even though its falsity could have been discovered had the Defendants made an investigation, unless the Defendants know the representation to be false or its falsity is obvious to them.

Damages are the proximate or legal result of the fraud if you find from a preponderance of the evidence that, except for the fraudulent act, the damages would not have occurred. The fraudulent act may be a proximate or legal cause of damages even though the act operates in combination with the act of another so long as the fraud contributes substantially to producing the damages.

Now, if you find that the Defendants have failed to prove the claim of fraud under these instructions, then, of course, your verdict will be for the Plaintiffs. On the other hand, if you find for the Defendants, you must then consider the Plaintiffs' defenses to this claim. One of the defenses is waiver as to which the Plaintiffs have the burden of proof by a preponderance of the evidence.

It is a general rule of law that any claim for fraud is waived if one is induced by misrepresentations or fraud to enter into a contract and, with knowledge of the fraud, does an act to ratify or affirm the contract that shows an intention to abide by the contract as made, with the fraud in it. In so affirming or ratifying the contract, the party has waived his right to recover damages as a result of the original misrepresentations. The question of whether a party has waived a claim for fraud is one of the intent of the defrauded party. Such intent, however, may be inferred from the party's conduct and the surrounding circumstances.

Similarly, once a defrauded person has discovered or reasonably should have discovered the nature of the deception, that person waives and thereby gives up any right to recover damages upon receiving from the defrauding party some substantial concession or upon entering into a new and more favorable contract in respect to the transaction.

Plaintiffs have also raised the defenses of fraud in the inducement by Defendants and estoppel, the elements of which I have previously instructed you. I once again refer you to those prior instructions when considering Plaintiff's defenses to Defendant's fraud in the inducement claim.

If you find for the Defendants on the claim of fraud, and against the Plaintiffs on the defense to that claim, you will then consider the amount of money damages to be awarded to the Defendants. In that respect you should award the Defendants an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the fraud.

In considering the issue of the Defendants' damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Defendants' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Plaintiffs. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

The economic losses proven by Defendants as resulting from the alleged fraud. Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage, in a manner consistent with what an ordinarily prudent person would do in similar circumstances.

So, if you should find from a preponderance of the evidence that the Defendants failed to seek out or take advantage of a business opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Defendants' damages by the amount that he could have reasonably realized if the Defendants had taken advantage of such opportunity.

The last claim brought by XP Companies, LLC against Exhibit Icons, LLC is for negligent misrepresentation.

The term "negligent misrepresentation" generally is defined in the law as a statement of material existing fact made by one person, who should have known of the statement's falsity, to another; made for purpose of inducting the other person to act; and upon which the other person does in fact rely with resulting injury or damage.  Negligent misrepresentation may also include an omission or failure to state material facts, knowledge of which would be necessary to make other statements by the Plaintiffs not misleading to the Defendants.

Each of these alleged misrepresentations and/or omissions should be considered and judged separately in accordance with the instructions that follow.  It is not necessary that the Defendants prove all of them in order to recover.

To prevail on this claim of negligent misrepresentation, therefore, the Defendants must prove each of the following facts by a preponderance of the evidence:

First:         That the Plaintiffs made one or more alleged misrepresentations or omissions concerning their business, profession or employment, or in any other transaction in which they had a pecuniary interest.

Second:      That the misrepresentation or omission related to a material existing fact;

Third:        That the Plaintiffs were negligent in making the statements because they should have known at the time they made the misrepresentations that they were false or materially misleading;

Fourth:      That the Plaintiffs intended to induce the Defendants to rely and act upon the  misrepresentation or omission; and

Fifth:        That the Defendants justifiably relied on Plaintiffs' statements to their detriment.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues. To make a "misrepresentation" simply means to state as a fact something that is false or untrue. To make a material "omission" is to omit or withhold the statement of a fact, knowledge of which is necessary to make other statements not misleading.

To constitute negligent misrepresentation, then, a misrepresentation must not only be false or an omission must make other statements misleading, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.

It must also relate to an "existing fact." Ordinarily, a promise to do something in the future does not relate to an existing fact and cannot be the basis of a claim for negligent misrepresentation unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it. Similarly, a mere expression of opinion does not relate to an existing fact and cannot be the basis for a claim of negligent misrepresentation unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.

To constitute negligent misrepresentation, the Defendants must also prove that the Plaintiffs' conduct was negligent.

In order to prevail on this claim, the Defendants must prove both of the following facts by a preponderance of the evidence:

First:          That the Plaintiffs were "negligent;" and

Second:         That such negligence was a "legal cause" of damage sustained by the Defendants.

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

Finally, to constitute negligent misrepresentation, the Defendants must prove that the Plaintiffs intended for the Defendants to rely upon the misrepresentation and/or omission; that the Defendants did in fact rely upon the misrepresentation and/or omission; and that the Defendants suffered injury or damage as a proximate result of the fraud.

When it is shown that the Plaintiffs made a material misrepresentation and/or omission with the intention that the Defendants rely upon it, then, under the law, the Defendants may rely upon the truth of the representation even though its falsity could have been discovered had the Defendants made an investigation, unless the Defendants know the representation to be false or its falsity is obvious to them.

Now, if you find that the Defendants have failed to prove the claim of negligent

misrepresentation under these instructions, then, of course, your verdict will be for the Plaintiffs.

On the other hand, if you find for the Defendants, you must then consider the Plaintiff's defense

to this claim; namely, the comparative negligence as to which the Plaintiffs have the burden of

proof by a preponderance of the evidence. If, however, a preponderance of the evidence does

support the Defendants' claim, you will then consider the defense raised by the Plaintiffs.

The Plaintiffs contend that the Defendants also were negligent and that such negligence

was a legal cause of the Defendants' own injury. This is a defensive claim and the burden of

proving that claim, by a preponderance of the evidence, is upon the Plaintiffs who must establish:

| | |
|---|---|
| First: | That the Defendants also were "negligent;" and |
| Second: | That such negligence was a "legal cause" of the Defendants' own damage. |

Finding in favor of the Plaintiffs on this defense will not prevent recovery by the

Defendants it will only reduce the amount of the Defendants' recovery. In other words, if you

find that Defendants' injury was due partly to the fault of the Defendants - - that the Defendants'

own negligence was, for example, 50% responsible for the Defendant's own damage - - then you

would fill in that percentage as your finding on the special verdict form that I will explain in a

few moments. Such a finding would not prevent the Defendants from recovering; the Court will

merely reduce the Defendant's total damages by the percentage that you insert. Of course, by

using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If

you find that the Defendants were negligent, you might find 1% or 99%.

Plaintiffs have also raised the defenses of fraud in the inducement by Defendants, estoppel and waiver, the elements of which I have previously instructed you.  I once again refer you to hose prior instructions when considering Plaintiffs defenses to Defendants negligent misrepresentation claim.

If you find for the Defendants on the claim of negligence misrepresentation, and against the Plaintiffs on the defense to that claim, you will then consider the amount of money damages to be awarded to the Defendants.  In that respect you should award the Defendants an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the negligent misrepresentation.

In considering the issue of the Defendants' damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Defendants' damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Plaintiffs. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

The economic losses proved by Defendants as resulting from the alleged negligent misrepresentation.

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage, in a manner consistent with what an ordinarily prudent person would do in similar circumstances.

So, if you should find from a preponderance of the evidence that the Defendants failed to seek out or take advantage of a business that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Defendants' damages by the amount that he could have reasonably realized if the Defendants had taken advantage of such opportunity.

In this case you have been permitted to take notes during the course of the trial, and most of you -- perhaps all of you -- have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.