UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80824-CIV-MARRA/JOHNSON

EXHIBIT ICONS, LLC et al,

Plaintiffs,

vs.

XP COMPANIES, LLC, et al,

Defendants.
_____/

## **OPINION AND ORDER**

This cause is before the Court upon Defendants XP Companies, LLC, XP Apparel, LLC, XP Entertainment, LLC and William Wall, III's (collectively, "Defendants") Motion for Costs (DE 191). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Defendants seek costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.

The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although the decision to award costs is discretionary with the Court, it may only tax those items specifically enumerated in 28 U.S .C. § 1920, absent alternative statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

A. Fees of the Clerk and Marshal

Defendants seek to recover the $75.00 *pro hac vice* admission fee for defense counsel Chad McShane.  Although Plaintiffs do not object to the recovery of this fee by Defendants, the Court notes that several courts, including a court in this judicial circuit has held that the *pro hac vice* fee is an expense of counsel, not the client, and is thus not properly recoverable under 28 U.S.C. § 1920 as fees of the clerk. See 28 U.S.C. § 1920(1); Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1459-60 (M.D. Ala.1997), aff'd, 162 F.3d 98 (11th Cir. 1998) (cost denied as not a statutory fee), Romero v. United States, 865 F. Supp. 585, 594 (E.D. Mo.1994) (cost denied as expense of counsel not normally charged to fee paying client); Schmitz-Werke GmbH  Co. v. Rockland Indus., Inc., 271 F. Supp. 2d 734, 735 (D. Md.2003) (cost denied for reasoning articulated in Romero); but see Burton v. R.J. Reynolds Tobacco Co., 395 F. Supp. 2d 1065 (D. Kan. 2005 (awarding *pro hac vice* fee under section 1920).   Moreover, Plaintiff ought not to bear a cost resulting from Defendants choosing an out of state attorney to defend themselves when competent in-state attorneys were available.

Defendants also seek to recover various private process servers fees as costs.  The Eleventh Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a

2

court to tax private process servers fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's Service effectuate service. W & O, Inc., 213 F.3d at 623-24. When the U.S. Marshal's Service serves process, its rate is $55 per hour for each item served, plus travel costs and any other out-of-pocket expenses. See 28 C.F.R. § 0.114(a)(3) (setting costs for service of process).

Specifically, Defendants seek reimbursement for the service of the following subpoenas: Zvi Harpaz in the amount of $65.00 and Irwin Lippman in the amount of $68.00.[1] These charges exceed the amount charged by the U.S. Marshal Service. Defendants have not substantiated that more than one hour of time was needed to serve any of these individuals. Nor have Defendants provided evidence of travel costs or other out-of-pocket expenses incurred in effectuating service. Hence, the Court will only award $55.00 for service of each person. Therefore, Defendants are entitled to $110.00 in total for service under § 1920.

B. Court reporter and transcript costs

Under 28 U.S.C. § 1920, taxable costs may include fees of the court reporter for "all and any part of the stenographic transcript necessarily obtained for use in the case." The Eleventh Circuit has held that the taxation of deposition costs comes from the parameters of this section. United States Equal Employment Opportunity Commission v. W & O, Inc., 213 F.3d at 620. ("Though 1920(2) does not specifically mention a deposition . . . depositions are included by implication in the phrase 'stenographic transcript.' ") "The question of whether the costs for a

---

[1] Although Defendants state that Mr. Lippman's witness fee was $40.00 and his mileage fee was $68.00, the evidence provided to the Court does not comport with this breakdown. Instead, the document states "OJF Services" and "Served on Irwin Lippman" and a fee of $68.00. The Court interprets this to be the price charged for service and does not include the witness or mileage fee.

3

deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.' " Id. at 620-21. "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 994 (N.D.Ga.1982) quoting Jeffries v. Ga. Residential Fin. Auth., 90 F.R.D. 62, 63 (N.D.Ga.1981).  By contrast, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." W & O, 213 F.3d at 620 quoting Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga.1992), aff'd, 991 F.2d 751 (Fed. Cir.1993).

Defendants are seeking to tax costs in the amount of $4,313.68 with respect to the depositions of Jeremy Fey and Alan Fey ($686.50); William Wall ($456.08); Russell Etling and Zvi Harpaz ($1,398.05) and Gary Stern ($1,773.05).  Plaintiffs object to Defendants recovering the cost of Alan Fey's deposition because he was not listed on either Plaintiffs or Defendants' witness list.  With respect to Russell Etling and Gary Stern, Plaintiffs point out that their depositions were not used at trial.  Finally, Plaintiffs state that the Defendants have failed to provide proof of the actual court reporter charges and instead have merely supplied a ledger that does not itemize all charges relating to the depositions.  In reply, Defendants provide copies of the court reporter's invoices.

The Court concludes that Defendants are partially entitled to costs of all of these witnesses, with the exception of Gary Stern. After reviewing the court reporter invoices, the Court finds that appropriate award is as follows: Jeremy Fey ($383.45); Alan Fey ($235.10);

William Wall, III ($367.70); Zvi Harpaz ($275.40) and Russell Etling ($850.50).  These are the amounts identified in the invoices for the deposition transcripts.  The records with respect to Gary Stern do not identify the costs relating to deposition transcript as opposed to other non-recoverable items, such as shipping costs, CD-Rom copies, etc.

### C.  Photocopying charges

Photocopying is considered a taxable cost pursuant to 28 U.S.C. § 1920 if they are necessarily obtained for use in the case. See McGregor v. Board of County Commissioners for Palm Beach County, 130 F.R.D. 464, 465 (S.D. Fla.1990). The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W & O, 213 F.3d at 623. It is not necessary that photocopies be used at trial or in any papers filed with the court to be taxable. Id. (rejecting argument that photocopies were not necessary because they were not used as court exhibits nor furnished to the court or opposing counsel). Charges for photocopies made merely for the convenience of counsel or the parties, however, are not taxable. Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 668 (M.D. Ala.1999); Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla.1989), aff'd, 914 F.2d 267 (11th Cir.1990); Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla.1988).

According to Defendants, Colorado counsel seeks to recover $461.10 for in-house copying and printing expenses between the time of filing the action up to the date of trial.  Florida counsel seeks $238.10 for this same time period.  Defendants' counsel also used third-party copy and printing service charges totaling $900.34.  Plaintiffs challenge these expenses, claiming that Defendants have not provided sufficient detail of the copying cost and that many of

the documents furnished to Plaintiffs by Defendants were contained on CD-ROM as opposed to physical copies. The Court agrees with Plaintiffs. The documentation provided by Defendants does not detail what was copied. As such, the Court is unable to determine how the copying was related to the case or whether the copying was reasonably necessary. Therefore, the Court will not award Defendants the requested copying costs.

### D. Witness Fees, Disbursements and Travel Expenses

The witness fee specified in section 1920(3) is defined in 28 U.S.C. § 1821. Section 1821 provides in part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> 4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.
>
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by

Case 9:07-cv-80824-KAM   Document 197   Entered on FLSD Docket 11/18/2009   Page 7 of 10

employees of the Federal Government.

(3) A subsistence allowance for a witness attending in an area designated by the Administrator of General Services as a high-cost area shall be paid in an amount not to exceed the maximum actual subsistence allowance prescribed by the Administrator, pursuant to section 5702(c)(B) of title 5, for official travel in such area by employees of the Federal Government.

Defendants seek witness and mileage fees for Zvi Harpaz in the amount of $63.00 for his deposition.[2] The documentation provided shows that costs expended in the amount of $63.00 for witness fees and no costs for mileage. Defendants are only entitled to $40.00 for Zvi Harpaz's witness fee.

With respect to Barry Fey, Defendant seeks $582.20 for airfare expenses and $134.00 for one night of lodging expenses. Regarding the airfare expenses, the only documentation provided to the Court is the credit card statement of Jeremy Fey, who allegedly advanced the funds for Barry Fey's airfare. The credit card statement includes a hand-written note next to a credit card purchase for United Air that states "Barry." This documentation is simply insufficient for the Court to award travel costs. Defendants ought to have provided the Court with airline tickets. Such evidence would help the Court determine whether the air travel expenses were incurred at the most economical rate reasonably available. See Brown v. McGraw-Hill Cos., Inc., 526 F. Supp. 2d 950, 954 (N.D. Iowa 2007) (documentation required showing economy seating was purchased for airline travel). Likewise, with respect to lodging, Defendants have failed to provide receipts from the hotel. Instead, the Court only has the credit card statement of Jeremy Fey who presumably paid for Barry Fey's lodging as well as his own. The credit card statement

---

[2] See n.1 supra for a discussion of Irvin Lippman's witness and mileage fee.

lists the expense as "Marriott." The Court has no way of knowing what portion of this expense went to lodging expenses versus other expenses that may be incurred at a hotel. Had Defendant provided an itemized receipt from the hotel, the Court would have been able to determine what expense was incurred for lodging. Accordingly, the Court will not award costs for travel expenses or lodging for Barry Fey.

Lastly, as Plaintiffs correctly point out, witnesses who are parties in interest to a case are generally not awarded fees. See W& O, Inc., 213 F.3d at 620; Hodge v. Seiler, 558 F.2d 284, 287 (5th Cir. 1977).[3] Based on that precedent, the Court will not award any costs for Jeremy Fey[4] or William Wall, III.

E.  Exemplification and Copies

Plaintiffs do not challenge the $5.75 that Defendants seek under 28 U.S.C. § 1920(4) for the certified copies of the records from the Florida Department of State and the Court finds that this expense is properly awarded to Defendants.

F.  Defense Counsel's Travel Expenses

Defendants seek $2,815.56 in travel, lodging and transportation costs for Colorado defense counsel. The Court denies this application. Nothing in 28 U.S.C. § 1920 supports the taxing of travel expenses for attorneys. With respect to travel expense, the only allowable

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[4] Given that Jeremy Fey's credit card statements are submitted to support both Barry and Jeremy Fey's expenses, the problems highlighted supra regarding Barry Fey's airfare and lodging expenses would also apply equally to Jeremy Fey's travel expenses.

taxable costs relate to witnesses.  Furthermore, as pointed out by Williams v. R.W. Cannon, Inc., — F. Supp. 2d —, 2009 WL 2834952, at * 13 (S.D. Fla. Aug. 27, 2009), the Eleventh Circuit case relied upon by Defendants, Cullens v. Georgia Dep't of Transp., 29 F.3d 1489 (11th Cir. 1994) "for the notion that . . . [counsel's] travel expenses are appropriate expenses" has been distinguished as limited to civil rights actions under 42 U.S.C. § 1988 and not requests for costs under 28 U.S.C. § 1920.  Finally, Defendants retained a Colorado attorney to take on a case that would be defended in Florida.  In making that decision, Defendants knew that their attorney would incur various expenses as a result of that representation.

G.  Interest on the Award of Costs

Defendants is statutorily entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. "[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1052 (11th Cir. 1994) citing Georgia Assn. of Retarded Citizens v. McDaniel, 855 F.2d 794, 799 (11th Cir.1988).  In this case, the Court entered final judgment on May 29, 2009 (DE 190).  Therefore, the appropriate rate of interest shall be applied, effective as of that date.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Costs (DE 191) is **GRANTED IN PART AND DENIED IN PART.**  The Court will separately enter judgment for Defendants.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of November, 2009.

_____
KENNETH A. MARRA

United States District Judge